FILED

05/11/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0265

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF CASEY NIXON, | Supreme Court No. |
| An Attorney at Law, | ODC File Nos. 19-077 and 19-133 |
| Respondent. | **COMPLAINT** |
| | **Rules 1.2, 1.3, 1.4, 1.5, 1.15, 1.16(d), 1.18, 8.1, 8.4(c), MRPC** |

By leave of the Commission on Practice granted on April 23, 2020, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Casey Nixon with professional misconduct as follows:

### General Allegations

1.     Casey Nixon, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2012, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

*Complaint* - Page 1

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

## Count One
### (ODC File No. 19-077)

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. Dwight Rose ("Dwight") and his uncle, Eugene Rose ("Gene"), were in a motor vehicle accident in August 2013. They hired Respondent on a contingency fee basis to represent them.

5. In July 2015, Respondent filed a Complaint against the at-fault driver, who was insured by Farmers Insurance ("Farmers"). *Rose, et al. v. Wheeler, et al.,* Yellowstone County District Court, Cause No. DV-15-932-NE. Thereafter, Respondent requested and Gene paid him $55 to cover the fee for service of the Complaint. The Complaint was never served.

6. Respondent negotiated a settlement with Farmers for both Dwight and Gene. Gene's case settled in November 2017 for $3,425 new money. Dwight's case settled in April 2019 for $5,000 new money.

7. Respondent received a letter from Farmers dated March 22, 2019 with an enclosed check totaling $124.95 for reimbursement of Dwight's medical expense.

8. Respondent did not provide either Dwight or Gene a copy of the Complaint or all communications with Farmers, including but not limited to, the March 22, 2019 letter from Farmers enclosing the $124.95 check.

*Complaint* - Page 2

9.  Respondent did not provide a settlement distribution sheet to either Dwight or Gene. He did not communicate the distribution of funds or obtain either Dwight's or Gene's signatures consenting to the distribution prior to or after settlement.

10. Respondent's conduct, as described in this Count One, constitutes multiple violations of Rules 1.4 and 8.4(c), MRPC.

## Count Two
### (ODC File No. 19-077)

11. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 6 of Count One as if fully restated in this Count Two.

12. Neither Dwight nor Gene signed a written contingency fee agreement, and the rate of the contingency fee was not made clear.

13. Gene received $2,000 of his $3,425 settlement; Respondent received the remaining $1,425 (42% contingency fee). It is unknown whether the settlement disbursement to Gene included reimbursement for the $55 not used to pay the service fee.

14. Respondent charged Gene an unreasonable fee in violation of Rule 1.5(a), MRPC.

15. After settlement, Respondent advised Dwight his contingency fee for the settlement was 30%. At that rate, Respondent's fee would have totaled $1,500, thus, the remaining $3,500 was due to Dwight. Instead, Dwight received $2,765, and Respondent received $2,235 (45% contingency fee).

16. Respondent charged Dwight an unreasonable fee in violation of Rule 1.5(a), MRPC.

*Complaint* - Page 3

17. Respondent's failure to have a written, signed contingency fee agreement with either Dwight or Gene constitutes violations of Rule 1.5(b), MRPC.

18. Respondent's conduct, as described in this Count Two, constitutes multiple violations of Rule 8.4(c), MRPC.

## Count Three
### (ODC File No. 19-077)

19. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 8 of Count One, and paragraphs 13 and 15 of Count Two, as if fully restated in this Count Three.

20. Upon receipt of the $124.95 check from Farmers for reimbursement of Dwight's medical expense, Respondent deposited the check into his IOLTA trust account in March 2019. On April 1, 2019, Respondent immediately transferred $124.95 from his IOLTA trust account to his RMB personal checking account then withdrew the funds from his personal account the same day.

21. Upon receipt of Gene's settlement funds, Respondent deposited the $3,425 check from Farmers into his IOLTA trust account on November 20, 2017. He wrote himself a check for $1,425 and withdrew the remaining $2,000 the same day. He thereafter paid Gene $2,000. He failed to keep and maintain a record of the settlement distribution or a client ledger, as required by Rules 1.15 and 1.18, MRPC.

22. Upon receipt of Dwight's new money settlement funds from Farmers, Respondent deposited the $5,000 check into his IOLTA trust account on April 18, 2019. He immediately transferred $5,000 to his RMB personal checking account, leaving a zero balance in his IOLTA. He subsequently withdrew $5,000 from his RMB personal checking account the same day.

///

23. Respondent issued a check dated 5/16/19 made payable to Dwight Rose in the amount of $2,765 from his AFCU personal checking account. There were not sufficient funds in his AFCU account to pay this amount. The check was negotiated on June 10, 2019.

24. Respondent's conduct, as described in this Count Three, constitutes multiple violations of Rules 1.15, 1.18, and 8.4(c), MRPC.

## Count Four
### (ODC File No. 19-077)

25. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count Four.

26. By letter dated August 16, 2019, ODC sent Respondent a copy of the grievance submitted against him by Dwight, requesting his response within 21 days. Respondent requested and ODC granted an extension until September 27, 2019 within which to respond. Respondent failed to provide a response.

27. By letter dated October 4, 2019, sent to Respondent's new address via Certified Mail, Return Receipt Requested, ODC directed Respondent's response to Dwight's grievance, or justification for failing to respond, be provided on or before October 14, 2019. The return receipt card was signed by an Agent on October 7, 2019 and returned to ODC. Respondent failed to provide a response.

28. By email sent to Respondent on December 4, 2019, ODC reminded him he has yet to provide his response and directed him to provide certain additional information on or before December 13, 2019. Respondent responded the same day, agreeing to mail everything that week. Respondent failed to do so.

29. By email sent to Respondent on January 21, 2020, ODC reminded him that he has yet to provide his response or the additional information requested and

that he has an obligation to cooperate with ODC. Respondent responded again, promising to cooperate.

30. Despite multiple direct and attempted communications with Respondent prior to January 21, 2020 and over the next three months, and despite his promises to provide the requested information, Respondent failed to do so.

31. Respondent's conduct, as described in this Count Four, constitutes multiple violations of Rule 8.1(b), MRPC.

### Count Five
### (ODC File No. 19-133)

32. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count Five.

33. On December 17, 2018, Nicholas Carey ("Carey") retained Respondent and paid him between $1,500 and $2,000 to assist him in a civil rights matter.

34. Respondent did not communicate the fee arrangement or the scope of the representation with Carey in writing, by letter or fee agreement.

35. Respondent's conduct, as described in this Count Five, constitutes a violation of Rule 1.5(b), MRPC.

### Count Six
### (ODC File No. 19-133)

36. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraph 33 of Count Five as if fully restated in this Count Six.

37. Throughout the following year, Respondent failed to perform any legal services for which Carey hired him to do.

38. Respondent's failure to diligently represent Carey constitutes a violation of Rule 1.3, MRPC.

*Complaint* - Page 6

## Count Seven
### (ODC File No. 19-133)

39.     ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraph 33 of Count Five, and paragraph 37 of Count Six, as if fully restated in this Count Seven.

40.     Throughout the following year, Respondent failed to communicate with Carey regarding his legal matter unless Carey first contacted him.

41.     For his failure to reasonably communicate with Carey, Respondent violated Rule 1.4, MRPC.

## Count Eight
### (ODC File No. 19-133)

42.     ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraph 33 of Count Five, and paragraph 37 of Count Six, as if fully restated in this Count Eight.

43.     In his August 9, 2019 grievance to ODC, a copy of which Respondent received, Carey stated he wanted a refund of his retainer.

44.     On March 12, 2020, Respondent communicated to ODC he intended to refund Carey $1,500; Respondent has provided ODC no documentation indicating he has done so, as requested.

45.     By collecting a retainer from Carey and failing to perform the services for which he was hired, Respondent charged an unreasonable fee in violation Rule 1.5(a), MRPC.

46.     Respondent's failure to return property belonging to Carey (his retainer payment) violated Rule 1.16(d), MRPC.

///

///

*Complaint* - Page 7

## Count Nine
### (ODC File No. 19-133)

47. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraph 33 of Count Five, paragraph 37 of Count Six, and paragraph 44 of Count Eight, as if fully restated in this Count Nine.

48. As of March 31, 2019, three months after Carey retained Respondent and paid him at least $1,500, and despite not performing any legal services for Carey, Respondent's IOLTA trust account had a balance of $124.95. As discussed above, those funds belonged to Dwight or another party in relation to Dwight's case. Respondent did not safekeep Carey's retainer payment in his IOLTA trust account; he used Carey's funds for his own purposes before they were earned.

49. If Respondent had refunded Carey's retainer, as promised, he did not have funds available in his IOLTA trust account to do so.

50. By failing to safekeep Carey's retainer, failing to maintain it in an IOLTA trust account, failing to keep it separate from his own funds, and using it for his own purposes, Respondent violated Rules 1.15 and 1.18, MRPC.

## Count Ten
### (ODC File No. 19-133)

51. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraph 33 of Count Five as if fully restated in this Count Ten.

52. By letter dated December 6, 2019, ODC sent Respondent a copy of the grievance submitted against him by Carey, requesting his response within 21 days. Respondent failed to provide a response.

53. By letter dated February 3, 2020, sent to Respondent via Certified Mail, Return Receipt Requested, ODC directed Respondent's response to Carey's

*Complaint* - Page 8

grievance, or justification for failing to respond, along with certain additional information be provided on or before February 24, 2020.

54. Despite multiple direct and attempted communications with Respondent prior to February 4, 2020 and over the next two and one-half months, and despite his promises to provide his response and the requested information, Respondent failed to do so.

55. Respondent's conduct, as described in this Count Ten, constitutes multiple violations of Rule 8.1(b), MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this ___11ᵗʰ___ day of May, 2020.

OFFICE OF DISCIPLINARY COUNSEL

By: ___Pamela D. Bucy___
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 9